IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

TROY J. OLMSTEAD,

                Plaintiff,

  v.                                                                    ORDER
                                                                                 07-C-388-S
WILLIAM POLLARD, OFFICER WILLEMON,
PETE ERICKSEN, JODINE PERTTU, KATHLEEN
BIERKE, MS. PALMER, MR. KIEULKE, MR. DUROFF,
CAPT. MASON and GARY BROUGHTON,

                Defendants.
_____

    Plaintiff Troy J. Olmstead commenced this civil action on July 18, 2007 by paying the filing fee.  On August 8, 2007 this Court issued a screening order pursuant to 28 U.S.C. §1915(a) and allowed plaintiff to proceed on his Eighth Amendment, denial of access and interference with mail claims against defendants William Pollard, Pete Ericksen, Jodine Perttu, Kathleen Bierke, Mr. Duroff, Mr. Kieulke, Ms. Palmer, Officer Willemon, Gary Broughton and Captain Mason.

    On August 16, 2007 defendants answered the complaint. They reserved the right to assert additional affirmative defenses which might become known.  On October 29, 2007 defendants moved to quash the summons and dismiss this action because they were not properly served pursuant to Rule 4, Federal Rules of Civil Procedure.  This motion has been fully briefed and is ready for decision.

FACTS

Plaintiff Troy Olmstead had his cell-mate hand Green Bay Correctional Officer Jack Freeman envelopes containing the complaint and summonses for the defendants in this action. Officer Freeman signed for the envelopes.

Officer Freeman was not authorized by law or appointment to receive service of process for the defendants.

MEMORANDUM

The Federal Rules of Civil Procedure, Rule 4(e)(2), provides that service of process maybe made by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. In this case defendants were not served pursuant to Rule 4 because Officer Freeman was not authorized by law or appointment to accept service for them.

Pursuant to Rule 4(m), Federal Rules of Civil Procedure, plaintiff had 120 days from July 18, 2007 to properly serve the defendants. This time period expired on November 15, 2007 without plaintiff serving defendants according to Rule 4.

Defendants motion to quash the summonses and dismiss this case will be granted. Plaintiff's complaint and all claims contained therein will be dismissed without prejudice for his failure to serve the defendants.

<u>Olmstead v. Pollard, et al.</u>, 07-C-388-S

ORDER

IT IS ORDERED that defendants' motion to quash summonses and dismiss the action is GRANTED.

IT IS FURTHER ORDERED that the above entitled matter is DISMISSED without prejudice for plaintiff's failure to prosecute.

IT IS FURTHER ORDERED that judgment is entered DISMISSING plaintiff's complaint and all claims contained therein without prejudice.

Entered this 19th day of November, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge